# STATE OF VERMONT

# ENVIRONMENTAL COURT

Appeal of Matthew and
Jacqueline Champlin and
Robert and Barbara
Broughton

}
}
}
}
}
}

Docket No. 283-12-02
Vtec

<u>Decision and Order on Motion for Summary Judgment</u>

Appellants Matthew and Jacqueline Champlin and Robert and Barbara
Broughton appealed from a decision of the Development Review Board
(DRB) of the Town of Jericho, denying their appeal of a building permit
issued to Appellee-Applicants Glenn and Elouise Martin. Appellants are
represented by W. Owen Jenkins, Esq.; Appellee-Applicants are
represented by Vincent A. Paradis, Esq.; the Town is represented by
Gregg H. Wilson, Esq. Appellee-Applicants moved for summary
judgment.

The sole questions in the Statement of Questions relate to a dispute
regarding the location of the common boundary line between
Appellants and Appellee-Applicants. Question 1 is whether that
boundary line is as depicted in Appellee-Applicants= application, and
Question 2 is what are the consequences for Appellee-Applicants=
application for a building permit, if the line is not as depicted (that is,
if the line is located as Appellants believe it should be located.

The following facts are undisputed unless otherwise noted. Appellants=
lot was created in an approved subdivision. At that time a fairly wide
and old hedgerow existed on what is now the disputed boundary line.
Appellants appear to take the position that their property line went to
a fence located on the far side of the hedgerow from their property.
Appellee-Applicants appear to take the position that the property line
was located down the middle of the hedgerow.

In April of 1987 the then-Planning Commission of the Town of Jericho
approved Appellee-Applicants= 32-lot commercial subdivision in the
Commercial/Light Industrial zoning district, showing the line as
depicted by Appellee-Applicants. Appellee-Applicants= present
application for building permit involves Lot 17 of that subdivision, on
the edge of the subdivision and adjoining the property of Appellants
Robert and Barbara Broughton. The Broughtons participated in the

subdivision hearing and had notice of the approved plans for that subdivision. Lot 17 also contained an approved building envelope; the 1987 approval for the size, shape, boundaries and building envelopes of the lots in the subdivision, including Lot 17, was not appealed and became final.

In April of 1999 Appellee-Applicants received conditional use approval for the single-family residential use of seven lots in the subdivision, including that of Lot 17. The Broughtons participated in the conditional use hearing and had notice of what was approved. That approval for single-family residential use of Lot 17 was not appealed and became final.

Appellants now appeal the issuance of a building permit to Appellee-Applicants to construct a house within the approved building envelope, arguing that the boundary between Lot 17 and their property encroaches approximately seven feet onto their property, and that the encroachment reduces Lot 17 below the required lot size.

The issue of where the correct boundary is located is beyond the jurisdiction of this Court, just as it is beyond the jurisdiction of the DRB to adjudicate a boundary dispute. The boundary dispute can be adjudicated in Superior Court. We will address the consequences for the present application if the boundary dispute is resolved by the Superior Court in Appellants= favor.

The subdivision plat was approved fifteen years ago and became final. The change of use of the lot in the Commercial/Light Industrial zoning district to a residential use was approved with conditions four years ago and became final. Both the subdivision and the conditional use permit were approved and became final regardless of whether or which of the Appellants owned their properties at the time or participated in the zoning and subdivision hearings, as they would have stepped into the shoes of their predecessors. All that is before the Court in the present appeal is what was before the DRB in the appeal of the zoning permit: whether the house design or placement meets the conditions of the earlier conditional use and subdivision permits and the requirements of the zoning regulations.

As there is a dispute as to the location of the boundary line, Appellee-Applicants must either place the proposed house so as to comply with the setbacks that would be required if Appellants= position prevails on the location of the boundary, or wait until the boundary dispute is settled, or proceed as their own risk with respect to the setback on

that side. But this Court has no jurisdiction to adjudicate that boundary, no jurisdiction now to disapprove the 1987 subdivision, and no jurisdiction now to disapprove the use of Lot 17 for a single-family residence. The 1987 subdivision approval and the 1999 conditional use permit have taken effect and are not subject to appeal or even to collateral attack in this proceeding, even if they later turn out to have been wrongly issued. 24 V.S.A. ' 4472(d) and see In re Appeal of Ashline, Docket No. 2002-063 (Vt. Supreme Ct., March 28, 2003). Thus, even if Appellants prevail as to the location of the boundary line, and the lot turns out to be slightly undersized for its approved use, Appellee-Applicants are entitled to the already-approved use on the already-approved lot, even if it turns out to be slightly nonconforming as to lot size. That fact may affect any future changes or additions Appellee-Applicants may wish to make to the house on Lot 17, but does not affect the present building permit to build it.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellee-Applicants= Motion for Summary Judgment is GRANTED. This decision appears to conclude the issues in this case; however, this decision DOES NOT BECOME FINAL UNTIL AND UNLESS the parties file with the Court the written remittal of disqualification which they stated at the pre-trial conference would be filed in this matter, and which they have informed the Court Manager is being prepared and circulated for signature.

Done at Barre, Vermont, this 23rd day of April, 2003.


_____
Merideth Wright
Environmental Judge